**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SUSHIL BHATTARAI, RAMCHANDRA
ADHIKARI AND BHOJA KHANAL,
individually and on behalf of others similarly
situated,

                                         *Plaintiff*,

                 -against-

FLAGSHIP S B NEW YORK LLC (d/b/a
SARAVANAA BHAVAN), SARAVANA
BHAVAN LLC (d/b/a SARAVANAA
BHAVAN), MATHAIAH RAMAIAH,
*individually*, and VEENA RAMAIAH
SHAHUL HAMEED, *individually*,


                              *Defendants*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Sushil Bhattarai, Ramchandra Adhikari and Bhoja Khanal ("Plaintiffs") individually and

on behalf of others similarly situated, by and through their attorneys, PHILLIPS &
ASSOCIATES, Attorneys at Law, PLLC, hereby complain of the Defendants as follows:

## NATURE OF THE ACTION

      1.      Plaintiffs bring this action to recover minimum and overtime wages and

liquidated damages, interest, costs, and attorneys' fees for violations of the Fair Labor Standards

Act ("FLSA"), the New York Labor Law ("NYLL"), and associated rules and regulations.

      2.      Plaintiffs were employees of Defendants.

      3.      Defendants own, operate, and/or control a restaurant located at 81 Lexington

Avenue, New York, New York 10016 under the name SARAVANAA BHAVAN.

      4.      Plaintiffs were employed as waiters. However, they were required to spend

several hours of each day performing non-tipped duties unrelated to being a waitress, including

cleaning the restaurant, opening and closing the restaurant, taking out the trash, unloading

products from the trucks and storing them in the restaurant, cleaning the tables and chairs, cleaning the bathrooms, dishwashing, sweeping the floor, working the registers, doing the inventory at the end of the day, and cleaning the kitchen (hereinafter the "non-tip duties").

5.     Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that they worked.

6.     Defendants failed to maintain accurate recordkeeping of their hours worked and failed to pay Plaintiffs appropriately for hours worked over 40.

7.     Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they worked over 10 hours.

8.     To the extent they did so, under state law Defendants were not entitled to take a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day (whichever were less in each day) (12 N.Y.C.R.R. §146).

9.     Further, to the extent they sought to take a tip credit, Defendants failed to give Plaintiffs notice that they intended to take a tip credit.

10.     Defendants' conduct extended beyond the Plaintiffs to all similarly situated employees.

11.      At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

12.      Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and of all similarly situated employees and former employees of the Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

14.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), as the acts complained of occurred within the Southern District of New York.

## PARTIES

### *Plaintiffs*

15.    Plaintiff SUSHIL BHATTARAI is an adult individual residing in Queens County, New York.

16.    He was employed by Defendants from on or about August 2009 until March 15, 2020.

17.    During his employment, Plaintiffs has worked at the restaurant located at 81 Lexington Avenue, New York, New York 10016.

18.    Plaintiff RAMCHANDRA ADHIKARI is an adult individual residing in Queens County, New York.

19.    He was employed by Defendants from on or about June 29, 2016 until March 15, 2020.

20.    During his employment, Plaintiffs has worked at the restaurant located at 81 Lexington Avenue, New York, New York 10016.

21.    Plaintiff BHOJA KHANAL is an adult individual residing in Queens County, New York.

22.    He was employed by Defendants from on or about December 2014 until on or about March 15, 2020.

*Defendants*

23.    At all times relevant to this complaint, the Defendants owned, operated and/or controlled a restaurant located at 81 Lexington Avenue, New York, New York 10016, under the name SARAVANAA BHAVAN.

24.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

25.    Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r-s).

26.    Upon information and belief, FLAGSHIP S B NEW YORK LLC, is a Corporation organized and existing under the laws of the state of New York, and maintains its principal place of business at 81 Lexington Avenue, New York, New York 10016.

27.    Upon information and belief, SARAVANAA BHAVAN LLC, is a Corporation organized and existing under the laws of the state of New York, and maintains its principal place of business at 81 Lexington Avenue, New York, New York 10016.

*Defendant MATHAIAH RAMAIAH*

28.    MATHAIAH RAMAIAH is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

29.    MATHAIAH RAMAIAH is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

30.     Upon information and belief, MATHAIAH RAMAIAH possesses or possessed operational control over Defendant Corporation possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

31.     Defendant MATHAIAH RAMAIAH determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendant VEENA RAMAIAH SHAHUL HAMEED*

32.     VEENA RAMAIAH SHAHUL HAMEED is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

33.     VEENA RAMAIAH SHAHUL HAMEED is sued individually in his capacity as, on information and belief, an owner, officer and/or agent of Defendant Corporation.

34.     Upon information and belief, VEENA RAMAIAH SHAHUL HAMEED possesses or possessed operational control over Defendant Corporation possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

35.     Defendant VEENA RAMAIAH SHAHUL HAMEED determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

36.     Defendants operate a restaurant located in Manhattan.

37.     Each Defendant possesses substantial control over Plaintiffs' and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

38.     Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are their (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

39.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for services.

40.     Upon information and belief, in each year from 2014 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000.

41.     In addition, the Defendants and their enterprise used items in interstate commerce. For example, numerous items that were used and sold daily at SARAVANAA BHAVAN, such as vegetables and beverages, were produced outside the state of New York.

*Individual Plaintiffs*

42.     Plaintiffs are former employees of Defendants and were employed as waiters.

43.     Even though Plaintiffs were employed as waiters, they were required to spend several hours of their time each day performing the non-tipped duties outlined above.

44.     They seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff SUSHIL BHATTARAI*

6

45.     Plaintiff was employed by Defendants from on or about August 2009 until on or about March 15, 2020.

46.     Plaintiff was employed by Defendants as a waiter. However, during his employment as a waiter, Plaintiff spent over twenty percent of each work day performing the non-waitressing duties described above.

47.     Plaintiff regularly has handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

48.     Plaintiff's work duties required neither discretion nor independent judgment.

49.     From approximately September 2014 until on or about March 15, 2020, Plaintiff worked from approximately 11:30 a.m.  until on or about 11:00 p.m., five to six days a week (typically 57.5 to 69  hours per week).

50.     For approximately 6 months of his employment, Plaintiff worked from approximately 7:30 a.m. to 8:30 a.m. until on or about 10:30 p.m. 6 days a week (typically 84 to 90 hours per week).

51.     Throughout his employment with Defendants, Plaintiff was paid by checks.

52.     From approximately September 2014 until on or about December 2015, Plaintiff was paid $5.00 per hour for only 40 hours worked.

53.     From approximately January 2016 until on or about December 2016, Plaintiff was paid $7.50 per hour for only 40 hours worked.

54.     From approximately January 2017 until on or about December 2017, Plaintiff was paid $7.50 per hour for his regular hours and 11.25 per hour for some of his overtime hours.

55.     From approximately January 2018 until on or about December 2018, Plaintiff was paid $8.65 per hour for his regular hours and $12.97 per hour for some of his overtime hours.

56.    From approximately January 2019 until on or about March 15, 2020, Plaintiff was paid $10.00 per hour for his regular hours and $15.00 per hour for some of his overtime hours.

57.    From approximately 2014 until on or about December 2016, Plaintiff was not required to keep track of his time, nor to his knowledge Defendants used any time tracking system.

58.    Plaintiff was not paid at an accurate overtime rate for any of his hours worked over forty as required by federal and state law.

58.    Defendants did not account for tips in any daily or weekly accounting of Plaintiff's wages.

59.    Defendants took improper and illegal deductions of Plaintiff's tips; specifically, Defendants improperly deducted 5% from Plaintiff's weekly credit card tips.

60.    In addition, Defendants improperly shared approximately $200 to $300 Plaintiff's weekly tips with non-tipped employees.

61.    Defendants did not provide Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

62.    Defendants have not given any accurate notice to Plaintiff, in English and in Nepali  (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such information as required by NYLL §195(1).

63.    Defendants required Plaintiff to purchase "tools of the trade" with his own funds-including white and black shirts, pants, belts, shoes.

*Plaintiff RAMCHANDRA ADHIKARI*

64.    Plaintiff RAMCHANDRA ADHIKARI was employed by Defendants from on or about June 29, 2016 until on or about March 15, 2020.

65.    Plaintiff was employed by Defendants as a waiter. However, during his employment as a waiter, Plaintiff spent over twenty percent of each work day performing the non-waitressing duties described above.

66.    Plaintiff regularly has handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

67.    Plaintiff's work duties required neither discretion nor independent judgment.

68.    From approximately June 29, 2016 until on or about March 15, 2020, Plaintiffs worked from approximately 7:30 a.m. to 8:00 a.m.  until on or about 11:00 p.m. to 12:00 a.m., two days a week and from approximately 11:30 a.m. until on or about 11:30 p.m. to 12:00 a.m. three days a week (typically 66 to 70.5 hours per week).

69.    Throughout his employment with Defendants, Plaintiff was paid by checks.

70.    From approximately June 29, 2016 until on or about December 2016, Plaintiff was paid $7.50 per hour for only 40 hours worked.

71.    From approximately January 2017 until on or about December 2017, Plaintiff was paid $7.50 per hour for his regular hours and 11.25 per hour for some of his overtime hours.

72.    From approximately January 2018 until on or about December 2018, Plaintiff was paid $8.65 per hour for his regular hours and $12.97 per hour for some of his overtime hours.

73.    From approximately January 2019 until on or about March 15, 2020, Plaintiffs was paid $10.00 per hour for his regular hours and $15.00 per hour for some of his overtime hours.

74.    Defendants did not account for tips in any daily or weekly accounting of Plaintiff's wages.

75.     During 2016, Plaintiff was not required to keep track of his time, nor to his knowledge Defendants used any time tracking system.

76.     Plaintiff was not paid at an accurate overtime rate for any of his hours worked over forty as required by federal and state law.

77.     Defendants took improper and illegal deductions of Plaintiff's tips; specifically, Defendants improperly deducted 5% from Plaintiff's weekly credit card tips.

78.     In addition, Defendants improperly shared approximately $200 to $300 Plaintiff's weekly tips with non-tipped employees.

79.     Defendants did not provide Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

80.     Defendants have not given any accurate notice to Plaintiff, in English and in Nepali  (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

81.     Defendants required Plaintiff to purchase "tools of the trade" with his own funds-including white and black shirts, pants, belts, shoes.

*Plaintiff BHOJA KHANAL*

82.     Plaintiff BHOJA KHANAL was employed by Defendants from on or about December 2014 until on or about March 15, 2020.

83.     Plaintiff was employed by Defendants as a waiter. However, during his employment as a waiter, Plaintiff spent over twenty percent of each work day performing the non-waitressing duties described above.

84.     Plaintiff regularly has handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

85.    Plaintiff's work duties required neither discretion nor independent judgment.

86.    From approximately 2014 until on or about March 15, 2020, Plaintiff worked from approximately 8:00 a.m.   until on or about 11:30 p.m., two days a week and from approximately 11:30 a.m. until on or about 11:00 p.m. to 12:00 a.m.  three days a week (typically 65.5 to 68.5 hours per week).

87.    Throughout his employment with Defendants, Plaintiff was paid by checks.

88.    During December 2014 until on or about December 2015, Plaintiffs was paid $5.00 per hour for only 40 hours worked.

89.    From approximately January 2016 until on or about December 2016, Plaintiff was paid $7.50 per hour for only 40 hours worked.

90.    From approximately January 2017 until on or about December 2017, Plaintiff was paid $7.50 per hour for his regular hours and 11.25 per hour for some of his overtime hours.

91.    From approximately January 2018 until on or about December 2018, Plaintiff was paid $8.65 per hour for his regular hours and $12.97 per hour for some of his overtime hours.

92.    From approximately January 2019 until on or about March 15, 2020, Plaintiff was paid $10.00 per hour for his regular hours and $15.00 per hour for some of his overtime hours.

93.    From approximately 2014 until on or about December 2016, Plaintiff was not required to keep track of his time, nor to his knowledge Defendants used any time tracking system.

94.    Plaintiff was not paid at an accurate overtime rate for any of his hours worked over forty as required by federal and state law.

95.    Defendants did not account for tips in any daily or weekly accounting of Plaintiff's wages.

96.     Defendants took improper and illegal deductions of Plaintiff's tips; specifically, Defendants improperly deducted 5% from Plaintiff's weekly credit card tips.

97.     In addition, Defendants improperly shared approximately $200 to $300 Plaintiff's weekly tips with non-tipped employees.

98.     Defendants did not provide Plaintiff with an accurate statement of wages with each payment of wages, as required by NYLL 195(3).

99.     Defendants have not given any accurate notice to Plaintiff, in English and in Nepali  (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

100.    Defendants required Plaintiff to purchase "tools of the trade" with his own funds-including white and black shirts, pants, belts, shoes.

*Defendants' General Employment Practices*

101.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiffs and all similarly situated employees to work without paying them appropriate minimum wage, overtime, and spread of hours compensation, as required by federal and state laws.

102.    Defendants required Plaintiffs, and similarly situated individuals, to perform several non-tip related tasks for over half of each workday, in addition to their primary roles. These responsibilities included the non-tip duties described above.

103.    Plaintiffs, and similarly situated individuals, were paid below the lowered tip-credited rate by Defendants; when in fact, under state law Defendants were not entitled to a tip credit because their non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever were less) (12 N.Y.C.R.R. § 146.)

104.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day . . . in which he has been assigned to work in an occupation in which tips are not customarily received." (12 N.Y.C.R.R. §§137-3.3 and 137-3.4.) Similarly, under federal regulations an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation. (29 C.F.R. §531.56(e).)

105.    While performing these duties, Plaintiffs, and similarly situated individuals, did not receive all their tips; therefore, they constituted non-tipped occupations, and Defendants could not lawfully take a tip credit for any of the hours that such employees worked in these roles.

106.    Defendants' pay practices resulted in Plaintiffs and similarly situated individuals not receiving payment for all hours worked, resulting in their effective rate of pay falling below the required minimum and overtime wage rate.

107.    Plaintiffs and similarly situated individuals were victims of Defendants' common policy and practices violating rights under the FLSA and NYLL by *inter alia* not paying the minimum wage and overtime owed for the hours worked.

108.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

109.    Defendants unlawfully misappropriated charges purported to be gratuity, received by Plaintiffs and other tipped employees in violation of New York Labor Law § 196-d (2007).

110.    Under the FLSA and the NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

111.    At no time did Defendants inform Plaintiffs, and similarly situated individuals, that they reduced their hourly wage by a tip allowance.

112.    Defendants failed to post required wage and hour posters in the workplace

113.    Defendants also failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

114.    Defendants took improper and illegal deductions of Plaintiffs' tips.

115.    Defendants failed to provide Plaintiffs and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

116.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

117.     Plaintiffs brings FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

118.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime, and spread of hours pay, and willfully failing to keep records required by the FLSA.

119.     The claims of Plaintiffs stated herein are similar to those of the other similarly situated employees.

**AS A FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

## MINIMUM WAGE

120.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.    Defendants failed to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

122.    Defendants' failure to pay Plaintiffs and the FLSA class members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

123.    Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## OVERTIME

124.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

125.    Defendants failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

126.    Defendants' failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

127.    Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## AS A THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LAW § 652(1)
## MINIMUM WAGE

128.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

129.    Defendants paid Plaintiffs less than the minimum wage, in violation of NYLL § 652(1) and supporting regulations.

130.    Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of NYLL § 663.

131.    Plaintiffs was damaged in an amount to be determined at trial.

**AS A FOURTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK LABOR LAW**
**<u>OVERTIME</u>**

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.    Defendants failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, , in violation of NYLL Art. 19 and 12 N.Y.C.R.R. § 142-2.2.

134.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

135.    Plaintiffs was damaged in an amount to be determined at trial.

**AS A FIFTH CAUSE OF ACTION**
**VIOLATION OF THE NEW YORK COMMISSIONER OF LABOR**
**<u>SPREAD OF HOURS WAGE ORDER</u>**

136.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 137-1.7 and 137-3.11.

138.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

139.    Plaintiffs were damaged in an amount to be determined at trial.

## AS A SIXTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## NOTICE AND RECORDKEEPING  REQUIREMENTS

140.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

141.    Defendants failed to provide Plaintiffs with a written notice, in English and in Nepali (Plaintiffs' primary language), of rate of pay, regular pay day, and such other information as required by NYLL §195(1).

142.     Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorneys fees.

## AS A SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## WAGE STATEMENT PROVISIONS

143.    Plaintiffs repeat  and reallege all paragraphs above as though set forth fully herein.

144.    Defendants did not provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL 195(3).

145.    Defendants are liable to each Plaintiffs in the amount of $5,0000, together with costs and attorney's fees.

## AS AN EIGHTH CAUSE OF ACTION
## VIOLATION OF THE NEW YORK LABOR LAW
## UNLAWFUL DEDUCTIONS FROM TIPS

146.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

148.    New York State Labor Law § 196-d prohibits any employer or his agents,

including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

149.    Defendants unlawfully misappropriated approximately 20% of Plaintiff's weekly tips that were received from customers.

150.    Defendants have unlawfully required Plaintiffs to share part of the gratuities they received with non-tipped and tipped, or similar employees, in violation of NYLL § 196-d and supporting regulations.

151.    Defendants knowingly and intentionally retained a portion of Plaintiff's tips in violations of the NYLL and supporting Department of Labor Regulations.

152.     Plaintiffs was damaged in an amount to be determined at trial.

### AS A NINTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

153.    Plaintiffs repeats, reiterates and reallege all paragraphs above as though fully set forth herein.

154.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as uniforms, further reducing their wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

155.    Plaintiffs have been damaged in an amount to be determined at trial.

156.    Defendants are liable to Plaintiffs for back pay, compensatory damages, liquidated damages, punitive damages, and attorneys' fees and costs, all in an amount to be determined in trial.

**WHEREFORE**, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

A.  Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

B.  Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

C.  Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

D.  Declaring that the Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

E.  Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

F.  Awarding Plaintiffs and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

G.  Awarding Plaintiffs and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

H.  Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL;

I.    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL;

J.    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor;

K.    Declaring that the Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

L.    Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful;

M.    Declaring that Defendants violated section 191 of the New York Labor Law;

N.    Declaring that Defendants violated section 193 of the New York Labor Law;

O.    Awarding Plaintiffs damages for the amount of unpaid minimum and overtime wages, spread of hours pay under the NYLL, and damages for any improper deductions or credits taken against wages,

P.    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of wages due pursuant to NYLL §§ 663 and 198-d;

Q.    Awarding Plaintiffs and the FLSA class members prejudgment interest and the expenses incurred in this action, including costs and attorney's fees as provided by the FLSA and NYLL;

R.    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

21

S.    All such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        February 9, 2021

                                        **PHILLIPS & ASSOCIATES,**
                                        **Attorneys at Law, PLLC**


                              By:      /s/ Shawn Clark
                                       Shawn R. Clark, Esq.
                                       *Attorneys for Plaintiffs*
                                       45 Broadway, Suite 430
                                       New York, New York 10006
                                       T: (212) 248-7431
                                       F: (212) 901 - 2107
                                       E-Mail: sclark@tpglaws.com