USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/7/2022

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SUSHIL BHATTARAI et al.,                    :
                                            :
                Plaintiffs,                 :
                                            :     ORDER
    -v-                                     :
                                            :     21-CV-1148 (PGG) (JLC)
FLAGSHIP S B NEW YORK LLC et al.,           :
                                            :
                Defendants.                 :
-----------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 32), and they have submitted a joint letter (Dkt. No. 37) and a fully executed settlement agreement (Dkt. No. 37-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  Moreover, given Defendants' apparent financial situation as a result of the COVID-19 pandemic (requiring a payment schedule of the settlement amount), the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).  *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at

*10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter as well as the proposed settlement agreement, and given that I participated in a lengthy settlement conference with the parties to resolve this case, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs as one-third of the settlement amount) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) and other applicable case law).[1]

Accordingly, the proposed settlement is hereby approved. As provided in paragraph 7 of the proposed settlement agreement, the Court will retain jurisdiction over this case (and will reopen it, if necessary) for the sole purpose of enforcing the parties' settlement.

---

[1] The Court's approval of the allocation of attorneys' fees should not be construed as an approval of the hourly rate of plaintiffs' counsel. Separately, the Court notes a slight discrepancy in the amount of fees and costs requested by plaintiffs. Plaintiffs request a total of $37,183.32 for their fees and costs. By the Court's calculation, the amount should be $37,147.30, a $36.02 difference ($110,000 - $775.56 = $109,224.44 x .333 + $775.56 = $37,147.30). The Court assumes the parties will make any necessary adjustments to account for this minor difference.

The Clerk is respectfully directed to close this case.

**SO ORDERED.**

Dated: March 7, 2022
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

3